IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

AUG 0 1 2007

JOHN F. CORCORAN, CLERK
BY: /s/ Fay Coleman
DEPUTY CLERK

CYNTHIA B. PEEBLES,

*Plaintiff*

v.

FOUR WINDS INTERNATIONAL

and

FORD MOTOR COMPANY,

*Defendants.*

CASE NO. 6:07-CV-00001

OPINION AND ORDER

JUDGE NORMAN K. MOON

This matter is before the Court on the Defendants' Motions to Dismiss, filed March 20 (Ford) and March 26 (Four Winds), 2007. For the following reasons, these motions are GRANTED in part and DENIED in part.

## I. BACKGROUND

In 2004, Plaintiff purchased a motor home from Lazydays RV Center in Florida, manufactured by the Defendants. Ford built the chassis and Four Winds built the vehicle on top of it. She alleges that the suspension, tires, and rims are so defective as to be beyond repair, despite several attempts. She brought a claim under the Florida Motor Vehicle Warranty Enforcement Act, Fla. Stat § 681.10 et seq. ("Lemon Law"). That law requires that any claim be submitted to mandatory arbitration before any court action is allowed. *Id* at § 681.1095(4). An "appeal" is possible by suit in the circuit courts of Florida, which results in a trial de novo. *Id* at

(10), (12). Consistent with these requirements, Plaintiff submitted her dispute for arbitration, lost, and now files this action, seeking a full trial on both the Lemon Law claim and two implied warranty claims, one based the Magnuson-Moss Warranty Act ("MMWA"), and one based on Florida's Uniform Commercial Code ("UCC"). Both Defendants claim that the statute requires a Lemon Law "appeal" be filed in a Florida state court, and therefore Federal courts, whether in Florida or Virginia, lack jurisdiction to hear claims such as this. Plaintiff replies that the statute does not treat the "appeal" as a true appeal, but rather simply as an ordinary civil action, to which arbitration is a mandatory prerequisite. Thus, diversity jurisdiction permits the federal courts to hear the case.

Defendant Four Winds also urges dismissal of the MMWA and UCC claims, which are Count Three and Four, respectively. Count Three, it asserts, must be dismissed because it is merely a repetition of the claim submitted to arbitration, and thus is barred by that decision. Count Four is for implied warranty, which according to Defendant requires privity of contract.

After briefing, a hearing was held on July 27, 2007. At the hearing, Defendants also raised the possibility of abstention under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976). Apparently, there is a state-court proceeding underway in Florida which duplicates this one. Because this issue was not briefed, I do not consider it.

## II. STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a Rule 12(b)(6) motion, a court must accept all allegations in the complaint as true and must draw all

reasonable inferences in favor of the plaintiff. *See id.* at 244.

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, No. 05-1126, 2007 WL 1461066, at *8 (U.S. May 21, 2007) (alteration in original omitted) (citations omitted) (internal quotation marks omitted). Instead, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citation omitted) (footnote call number omitted). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"; plaintiffs must "nudge[] their claims across the line from conceivable to plausible" or "their complaint must be dismissed." *Id.* at 14. As the Fourth Circuit has held, a plaintiff "must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist." *See Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 344-45 (4th Cir. 2006), *reh'g en banc denied*, 467 F.3d 378 (4th Cir. 2006), *cert. denied*, 127 S. Ct. 2036 (2007).

### III. DISCUSSION

*a) Subject Matter Jurisdiction*

Subject matter jurisdiction for suits in diversity is founded on 28 U.S.C. § 1332, which requires that all plaintiffs be citizens of different states than all defendants, and that the amount in controversy exceed $75,000. Neither of these requirements is in dispute here. Nonetheless, Defendants assert that jurisdiction is absent because the state statute in question permits "a petition to the circuit court to appeal a decsion [of the arbitration board]..." *Id* at § 681.1095(10). The circuit courts of Florida are, according to the parties, state trial courts. The circuit court is

then required to conduct a trial "de novo," affording no presumption of correctness to the arbitrator's report and placing the burden of proof on the appellant, who is the plaintiff in the suit. Fla. Stat. § 681.1095(12), *Chrysler Corp. v. Pitsirelos*, 721 So. 2d 710, 713-15 (Fla. 1998). Additional causes of action and evidence, not presented to the arbitration board, may be brought to the attention of the circuit court. *Burns v. Daimler-Chrysler* 914 So. 2d 451, 454-55 (Fla. 2005) (cause of action), *T. A. Enterprises, Inc. v. Olarte, Inc.*, 835 So. 2d 1235, 1240 (Fl. App. 2003) (evidence). The right to file suit after losing at arbitration has all the characteristics of an ordinary common-law right of action such as negligence or breach of contract, albeit with an unusually short limitations period of only 30 days after the right accrues. Fla. Stat. § 681.1095(10). The right is statutory in origin, but it remains at bottom an ordinary lawsuit, subject to adjudication in any federal court having subject matter jurisdiction.

The Supreme Court has made it clear, in numerous cases cited by Plaintiff, that state laws have no power to limit the jurisdiction of federal courts. *See, e.g., Hyde v. Stone*, 61 U.S. 170, 175 (1857), *Barrow Steamship v. Kane*, 170 U.S. 100 (1898). Because this Court does have subject matter jurisdiction, the Motion to Dismiss on that ground is DENIED.

*b) Magnuson-Moss and Implied Warranty*

Defendant Four Winds argues that Count Two of the amended complaint is an impermissible "relitigation" of the issues already decided by the arbitrator. This position is unsupported by Florida law. The Florida statute under which Plaintiff sues clearly contemplates a trial "de novo," and not a mere appeal. Additional issues, to the extent that they are not literally duplicative of the Lemon Law claims that the arbitration board is empowered to hear, are permissible. The MMWA is not the same as the Lemon Law, and includes remedies which are not necessarily available from the arbitrator. *Burns v. DaimlerChrysler Corp.*, 914 So. 2d 451,

454-55 (Fl. App. 2005). There is thus no *res judicata* bar to hearing a MMWA claim.

On the other hand, Plaintiff does not identify the source of the warranty which the MMWA claim is intended to enforce. No written warranty is alleged, nor has any been attached as an exhibit to any filing. Plaintiff must be relying on an implied warranty, which arises by operation of law. But the Act itself does not actually create implied warranties, it merely limits the ways in which they may be modified, leaving the actual creation to State law. 15 U.S.C. § 2301 (defining "implied warranty" as "created under State law"), 15 U.S.C. §§ 2304(a), 2308 (limiting warrantors' ability to disclaim or limit implied warranties); *Carlson v. General Motors Corp.*, 883 F.2d 287, 291-292 (4th Cir 1989); *see also Abraham v. Volkswagen of America, Inc.*, 795 F.2d 238 (2d Cir 1986) (discussing legislative history). Thus, for an MMWA implied warranty claim to be viable, it must address a warranty which is viable under State law.

The source of the implied warranty in this case is the Florida Uniform Commercial Code. Fla. Stat. § 672.314. This is also the cause of action underlying Count Four.

Defendants assert that Florida law denies a cause of action for breach of implied warranty except when there is direct privity of contract between buyer and seller. Thus, they claim, because the actual purchase transaction was between Plaintiff and a third-party retailer, the manufacturers of various parts of the vehicle cannot be held liable on an implied warranty theory. Plaintiff offers no argument to this contention other than the conclusory statement that it is "meritless and must be denied."

Florida law unambiguously requires privity for implied warranty claims. *Indem. Ins. Co. v. Am. Aviation, Inc.*, 891 So. 2d 532, 539 (Fla. 2004), *Kramer v. Piper Aircraft Corp.*, 520 So. 2d 37, 39 (Fla. 1988). In the absence of privity, such claims will not lie. Thus, there is no implied warranty for the MMWA to enforce, nor any breach of the UCC to be redressed.

Because they fail to state a claim on which relief may be granted, Counts Three and Four are DISMISSED.

## IV. CONCLUSION.

The Motion to Dismiss is DENIED as to Counts One and Two. It is GRANTED as to Counts Three and Four. Those Counts shall be STRICKEN from the complaint.

The Clerk of the Court is directed to send a certified copy of this Order to all counsel of record.

ENTERED: *[signature]*
U.S. District Judge

August 1, 2007
Date