CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
MAR 31 2008
JOHN F. CORCORAN, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CYNTHIA B. PEEBLES,
*Plaintiff,*

v.

FOUR WINDS INTERNATIONAL,

AND

FORD MOTOR COMPANY,
*Defendants.*

CIVIL NO. 6:07cv00001

MEMORANDUM OPINION AND ORDER

JUDGE NORMAN K. MOON

This matter is before the Court on the plaintiff's objections to the Magistrate Judge's Report and Recommendation ("Report") and appeal of the Magistrate Judge's ruling on Ford Motor Company's ("Ford") motions for an enlargement of time to designate its expert witnesses and to compel inspection. Having considered the objections, I hereby adopt the Report and deny Four Winds' motion to dismiss as moot (docket #40); deny Peebles' motion to reconsider this Court's August 1, 2007 Order as moot (docket #43); deny Ford's second motion to dismiss as moot (docket #46); deny Peebles' request to deem her motion for summary judgment as unopposed (docket #62); deny Four Winds' motion to compel inspection as moot (docket #36); and grant Peebles' motion to dismiss Four Winds from this suit (docket #75). In addition, I hereby affirm the Magistrate Judge's decision to allow Ford additional time to designate experts (docket #50) and to compel inspection of the RV (docket #50). Further, I hereby deny Ford's motion to dismiss Counts I and II of Peebles' Second Amended Complaint as duplicative (docket #101).

## I. BACKGROUND

In August 2004, the plaintiff, Cynthia Peebles ("Peebles"), traveled to Florida to purchase a recreational vehicle ("RV") manufactured by the defendants, Ford Motor Company and Four Winds International ("Four Winds").[1] Peebles paid $142,020.42 for the vehicle and then returned with it to her home in Campbell County, Virginia.

Peebles used the RV to travel to several states and observed in the course of her travels that the vehicle had a particularly harsh ride. After several failed attempts to repair the vehicle, Peelbes learned that its suspension was defective and beyond repair. As a result, Peebles filed a claim against Ford and Four Winds under the Florida Motor Vehicle Warranty Enforcement Act ("Lemon Law"), Fla. Stat. § 681.10, *et seq.* Peebles first submitted the dispute to arbitration as required by the Lemon Law and then filed the instant action in this court after the arbitrator ruled in favor of the defendants.[2]

The Court entered a Pretrial Order on May 8, 2007, that contained, among other things, a proposed scheduling order pursuant to Federal Rule of Civil Procedure 16(b). The Pretrial Order required (1) the parties to provide their Rule 26(a) initial disclosures within thirty (30) days of the Order; (2) the plaintiff to designate her experts within seventy-five (75) days of the Order; (3) the defendants to designate their experts within ninety (90) days of the Order; and (4) the parties to complete discovery by forty-five (45) days before trial. The parties set the date for trial to October 16, 2007. Thus, the defendants' initial expert disclosures were due by August 6, 2007, and all discovery was to be completed by September 4, 2007.[3]

---

[1] The RV was custom built by Four Winds upon a chassis manufactured by Ford.

[2] The Florida Lemon Law requires that any claim be submitted to mandatory arbitration before any court action is allowed. Fla. Stat. § 681.1095(4). An appeal is then permitted by suit in the Florida circuit court, which results in a trial *de novo*. Fla. Stat. §§ 681.1095(10), (12). Peebles filed the instant suit in this court, pursuant to diversity jurisdiction, rather than appeal in Florida state court.

[3] Federal Rule of Civil Procedure 6 provides that if the last day of a period falls on a Saturday, Sunday, or legal holiday, the period runs until the end of the next day that is not one of the aforementioned days. The forty-five day pretrial period ended on September 1, 2007, but this date fell on the Saturday before Labor Day. Therefore, the

Four Winds disclosed its experts on July 6, 2007, but did not provide their written report required by Rule 26(a)(2)(B). Four Winds filed a motion to compel inspection of the vehicle on July 17, 2007, and argued that Peebles had refused to provide the RV for inspection and had ignored all requests to schedule an inspection. Peebles did not respond to this motion until August 14, 2007, and no hearing was scheduled for its disposition.

In contrast, Ford did not disclose any experts or a written report by the August 6, 2007 deadline. Peebles subsequently filed a motion for partial summary judgment against Ford on August 20, 2007, arguing that Ford did not have any evidence to rebut her experts because it had failed to disclose experts as required by Rule 26(a)(2). Ford responded by filing a motion for an enlargement of time to designate its experts and a motion to compel inspection of the vehicle. In its motion, Ford argued that it had been unable to designate its experts timely because of Peebles' refusal to allow an inspection of the vehicle, which prohibited it from preparing its required expert reports. For that reason, Ford also asked the court to order Peebles to provide the vehicle for an inspection.

The parties proceeded to file a flurry of motions—averaging more than one docket entry per business day—regarding substantive issues and discovery disputes alike. Several of the filings had little, if any, legal merit. The Court referred all pending dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(B), to Magistrate Judge Urbanski for proposed findings of fact and conclusions of law.[4] In his Report, the Magistrate Judge recommended that Peebles' request to deem her motion for summary judgment as unopposed (docket #62) be denied; Peebles' motion

discovery period extended until the following Tuesday, September 4, 2007. It appears the parties proposed a modified discovery schedule, pursuant to Rule 26(f), but no written plan was filed with the court. Peebles and Ford each place blame with the opposing party—Ford claims that Peebles did not respond to the proposed schedule as it was circulated for endorsement and Peebles argues that Ford shared joint responsibility to submit the plan to the court. Peebles ignores the fact that her failure to endorse the proposed schedule or to submit it to the court would have alleviated much of the confusion over which schedule applies. Nevertheless, I shall apply the pretrial schedule set forth in the Pretrial Order issued May 8, 2007, because no other discovery plan was submitted to the court.

[4] All discovery disputes had been previously referred to Judge Urbanski in the Pretrial Order entered May 8, 2007.

to reconsider this Court's August 1, 2007 Order (docket #43) be denied; Four Winds' motion to dismiss (docket #40) be denied; Ford's second motion to dismiss (docket #46) be denied; Peebles' motion to dismiss Four Winds (docket #75) be granted; Peebles' motion for partial default judgment and judgment on the pleadings (docket #45) be denied; and Peebles' motion for partial summary judgment (docket #45) be denied. In addition, the Magistrate Judge ruled on pending discovery issues including, *inter alia*, the defendants' respective motions to compel inspection of the RV (docket #36, #50) and Ford's request for an enlargement of time to designate experts (docket #50).

Peebles objected to the Magistrate Judge's Report, specifically objecting to his recommendation to deny partial summary judgment and to his recommendation to deny her motion to reconsider the Court's August 1, 2007 Order, and also appealed his decision permitting Ford to designate experts past the disclosure deadline and ordering Peebles to provide the RV for inspection.[5] Peebles argues that allowing Ford to designate expert witnesses after the expert disclosure deadline violates Federal Rules of Civil Procedure 6(b), 26(e) and 37(c) and, therefore, that the Magistrate Judge's ruling is clearly erroneous. Peebles also asserts that the Magistrate Judge erred in ordering her to allow a third inspection as this ruling violates the Florida Lemon Law and Federal Rule of Civil Procedure 37(d). Peebles further argues that the Magistrate Judge incorrectly determined that there are genuine issues of material fact in the absence of expert witnesses for Ford.

In response, Ford argues that it could not have disclosed its expert witnesses earlier because Peebles refused to permit an inspection of the vehicle. Ford further asserts that its failure to designate an expert is attributable solely to Peebles' refusal to allow an inspection of the RV. As a result, Ford argues that genuine issues of material fact do exist to warrant the

[5] Peebles allowed Ford to inspect the vehicle on September 27, 2007, pursuant to Judge Urbanski's Order granting Ford's motion to compel inspection.

denial of summary judgment, but these issues could not have been identified prior to the ruling by the Magistrate Judge.

The parties filed yet more motions after their objections to the Report had been made. Therefore, the Court referred the parties to Magistrate Judge Urbanski to conduct settlement negotiations in an attempt to resolve amicably the tangled web of motions and objections that had resulted from the parties' incessant filings. The Magistrate Judge reported on January 15, 2008, that the negotiations had been unsuccessful. The Court must therefore undertake the process of unraveling the web created in this case.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 72 permits a party to submit objections to a magistrate's ruling to the district court within ten days of the order. Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b). The standard of review applied by the district court differs depending on whether the issue decided by the magistrate is dispositive or nondispositive of the litigation. For dispositive matters, the district court undertakes a *de novo* review of those portions of the magistrate's report and recommendation to which objections were made. Fed. R. Civ. P. 72(a); *see also Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). If an issue is nondispositive, however, the district court will modify or set aside the magistrate judge's order only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

In general, pretrial discovery matters are considered nondispositive because they do not resolve the substantive claims for relief alleged in the pleadings. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). Therefore, district courts review such orders under the clearly erroneous or contrary to law standard of review. An order is "clearly erroneous" if the reviewing court, considering the entirety of the evidence, "is left with the definite and firm conviction that a mistake has been made." *United States v. U.S. Gypsum Co.*,

333 U.S. 364, 395 (1948); *see also Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985). Thus, parties bear a heavy burden when seeking to overturn a Magistrate's discovery ruling. *See* 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3069 (3d ed. 1998) ("[I]t is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge."). The district court affords broad discretion to the magistrate judges under this highly deferential standard of review and reversal is appropriate only if that discretion is abused. *Conway v. Icahn & Co.*, 16 F.3d 504, 510 (2d Cir. 1994).

## III. DISCUSSION

### A. Magistrate Judge Did Not Clearly Err in Allowing Ford Additional Time

Peebles objects to the Magistrate Judge's decision to allow Ford additional time to designate its expert witnesses, arguing that the Magistrate Judge clearly erred because Ford did not meet its burden to establish excusable neglect. I disagree.

Federal Rule of Civil Procedure 6(b) sets forth the requirements for obtaining an extension of time in a civil matter. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship*, 507 U.S. 380, 389 n.4 (1993) (noting that Rule 6 applies to any time requirement in the rules unless expressly excepted). Rule 6(b) gives the district court the discretion to extend any specified deadline, but this discretion is not unfettered and depends upon whether the request for an extension was made before or after the deadline. If, as in this case, the request for an extension of time was made after the specified deadline has passed, it may only be granted by a showing of excusable neglect. Fed. R. Civ. P. 6(b). A finding of excusable neglect by the district court does not automatically entitle the movant to an extension of time; the decision to grant an enlargement remains committed to the discretion of the district court. *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 n.2 (4th Cir. 1996).

Case 6:07-cv-00001-NKM-mfu Document 116 Filed 03/31/08 Page 6 of 14 Pageid#: 938

Relying upon the "ordinary meaning" of the term, the Supreme Court has defined "neglect" to include "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co.*, 507 U.S. at 388. Not all neglectful acts are excusable, however, and the determination of whether a party's neglect is excusable is, at bottom, an equitable inquiry, which requires the district court to consider all relevant circumstances surrounding the party's failure to act within the specified time, including (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395; *see also Thompson*, 76 F.3d at 533. Thus, excusable neglect under Rule 6(b) is a somewhat elastic concept; however, it is not easily demonstrated,and does not usually include inadvertence, ignorance of the rules, or mistakes construing the rules. *Thompson*, 76 F.3d at 534 (observing that a district court should find excusable neglect "only in the extraordinary cases where injustice would otherwise result" (citation omitted)).

Magistrate Judge Urbanski considered Ford's motion for enlargement of time to designate experts, along with its motion to compel inspection and several other pending motions, on September 13, 2007. Judge Urbanski granted Ford's motion to compel inspection and its motion for an enlargement of time, finding that Ford could not be expected to name its expert witnesses without first inspecting the vehicle. Judge Urbanksi did not list each of the *Pioneer* factors explicitly in his Report, but did address the factors implicitly when explaining, both in the Report and on the record in the September 13, 2007 hearing, why Ford has satisfied the excusable neglect standard and should receive an enlargement of time to designate its experts. For the sake of clarity, however, I will address each of the factors and explain why I agree with Judge Urbanski's decision to prevent any confusion or misunderstanding.

*1. Danger of Prejudice to the Non-Movant*

First, Peebles is not prejudiced by allowing Ford additional time to designate its experts. When Ford filed its motion, its co-defendant, Four Winds, had a motion to compel inspection pending before this court. Although Ford Winds had designated its experts on July 6, 2007, this designation did not satisfy Rule 26(a)(2)(B) because the corresponding report had not yet been filed due to Peebles' refusal to allow the experts to inspect the vehicle. Peebles did not respond to Four Winds' motion until August 14, 2007, and a hearing had not yet been scheduled. Therefore, Peebles had not yet completed her pretrial preparation, given that a rebuttal report could not be prepared until Four Winds' report was received, and could not reasonably have expected the trial to proceed as scheduled on October 16, 2007.

Moreover, Ford has asked to designate, in part, the identical experts that Four Winds designated on July 6, 2007, if it is given the additional time. Four Winds used these experts in the previous Florida arbitration, and Peebles could reasonably anticipate the basis of their testimony. Accordingly, Peebles is not prejudiced if Ford is granted an enlargement of time to designate its experts.

*2. Length of Delay and Its Potential Impact on Judicial Proceedings*

Second, the length of the delay did not impact judicial proceedings. Ford filed its motion seventeen days after the August 6, 2007 deadline, but this request did not cause the delay in the judicial proceedings. Four Winds had filed an identical motion to compel inspection of the vehicle because of Peebles' refusal to allow an inspection, and the October 16, 2007 trial could not proceed until these discovery issues had been resolved. Ford alone did not impact the trial date by asking for additional time; rather, the amount of the filings by all parties that needed to be resolved precluded the parties and this court from proceeding as scheduled.

*3. Reason for the Delay and Whether It Was in the Control of the Movant*

Third, the reason for the delay lies, in part, on Peebles' refusal to permit an inspection of her RV. Although Peebles did inform the defendants by letter that she would not permit an inspection of the vehicle without an order to compel, this letter was sent on December 6, 2006—over three months before she brought this action before the court. Peebles cannot now ignore the requests of opposing counsel to inspect the vehicle in reliance on a letter—sent before this suit was filed and before local counsel was retained—and then seek to blame opposing counsel for delaying the proceedings. Peebles' counsel had a professional obligation to respond to informal discovery requests either affirmatively or negatively and these stonewall tactics forced both of the defendants to turn to the court for assistance in performing basic, rudimentary pretrial duties, which resulted in a far more contentious resolution of these issues than needed to have occurred. Although Ford does share partial blame in the delay for failing to ask the court earlier for an order to compel inspection, this does not alleviate Peebles of her burden to respond to correspondence from opposing counsel.

*4. Whether the Movant Acted in Good Faith*

Last, there is little reason to question that Ford acted in good faith in asking for additional time. Peebles has presented several arguments, ranging from a hidden joint defense agreement to ordinary negligence, to explain why Ford has not acted in good faith. However, given Peebles' refusal to permit an inspection of the vehicle, it is difficult to understand how she expected Ford to designate its experts *and* supply the required written report contemplated by Rule 26. Accordingly, I find that Ford has asked for this additional time in good faith because of Peebles' attempts to frustrate and hinder the discovery process.

In sum, I agree with Magistrate Judge Urbanski that Ford's request for additional time to designate its experts should be granted. The discovery process requires cooperation by all parties and it is clear that did not occur here.

**B. Magistrate Judge Did Not Err in Permitting Inspection of the Vehicle**

Peebles also objects to Magistrate Judge Urbanski's order requiring her to submit the vehicle for an inspection by Ford and its experts. Peebles offers a number of different arguments on her behalf, ranging from her strained interpretation of the Florida Lemon Law that she argued before the Magistrate Judge to a new argument that Ford did not file a proper request for inspection pursuant to Federal Rule of Civil Procedure 34. I find these arguments unpersuasive and do not find that the Magistrate Judge clearly erred in granting Ford's motion to compel inspection.

First, neither Fla. Stat. § 681.104 nor *BMW v. Singh*, 664 So. 2d 266, 269 (Fla. Dist. Ct. App. 1995), limit the ability of a manufacturer to inspect a nonconforming vehicle for the purposes of preparing for litigation, whether before the arbitrator or before a court. Both the Lemon Law and *BMW* discuss only the limits to a manufacturer's ability to inspect the nonconformity before requiring the manufacturer to repurchase the nonconforming vehicle.

Moreover, Peebles has appealed the arbitrator's decision to this court pursuant to its diversity jurisdiction, which does require the application of Florida substantive law, but also federal procedural law. *Erie R.R. v. Tomplins*, 304 U.S. 64, 78 (1938). Thus, the parties must adhere to the Federal Rules of Civil Procedure and not Florida procedural law.

In addition, the defendants seek to designate a new expert to dispute Peebles' assertion that the vehicle is incapable of passing a Virginia state inspection. This claim was not before the Florida arbitrator and Peebles' cannot offer such new claims without providing opposing counsel an opportunity to respond.

Further, Peebles cannot now submit new arguments in her objections to the Magistrate Judge's ruling that were not previously presented before the Magistrate Judge. The court's review of a magistrate's ruling in discovery matters is limited; the court only determines whether the magistrate clearly erred or ruled contrary to law. *See* Fed. R. Civ. P. 72(a). By permitting objections, Rule 72 does not allow parties to relitigate issues that have considered and ruled upon. Accordingly, I find that Magistrate Judge Urbanski did not clearly err in granting Ford's motion to compel inspection and I deny all of Peebles' objections thereto.

**C. Magistrate Judge Properly Dismissed Peebles' Motion to Reconsider**

Peebles also objects to the Magistrate Judge's recommendation in the Report that her motion to reconsider the Court's August 1, 2007 Order be denied. In that motion, Peebles argued that the Court had assumed a mistake in fact—that no written warranties existed on which to base a claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*—that resulted in an incorrect ruling by granting, in part, Four Winds' motion to dismiss. Peebles offered written warranties from both Ford and Four Winds in support of her motion.

Peebles did not, however, identify these written warranties in her First Amended Complaint or incorporate them by reference, which resulted in these claims being dismissed in the August 1, 2007 Order. Peebles cannot cure this pleading defect by attaching the written warranties to a motion for reconsideration. Therefore, there is no reason to reconsider the August 1, 2007 Order. Moreover, Magistrate Judge Urbanski allowed Peebles to amend her Complaint and correct this pleading defect. Accordingly, I hereby deny Peebles' objection and motion for reconsideration as moot.

**D. Ford's Motion to Dismiss the Second Amended Complaint is Duplicative**

Peebles amended her Complaint on October 2, 2007, to correct her defective Magnusson-Moss claim. Ford filed a motion to dismiss Counts I and II—Peebles' claims under the Florida

Lemon Law—shortly thereafter and argues that this court lacks subject matter jurisdiction to hear Peebles' claims. Ford's motion is almost identical, however, to its earlier March 20, 2007 motion to dismiss and lacks any substantive differences to its earlier motion.

The issues raised in Ford's motion to dismiss Counts I and II were previously considered and denied on August 1, 2007. In permitting Peebles to amend her complaint, Judge Urbanski did not intend for the parties to relitigate unrelated issues previously ruled upon. Accordingly, I hereby deny Ford's motion to dismiss as duplicative.

**E. Peebles' Motion for Partial Summary Judgment is Denied**

Last, I find that Magistrate Judge Urbanski correctly denied Peebles' motion for partial summary judgment. Peebles argues that Ford has offered no evidence, experts, or fact witnesses to rebut her expert and that there are no issues of material fact in dispute as a result. This argument is predicated on Peebles' assumption that Ford's inspection of the RV is improper and impermissible; however, I have denied her objections and agree with the Magistrate Judge that an inspection must be permitted. In addition, the findings of the Florida arbitrator are admissible as evidence in this case and could be offered by Ford to rebut Peebles' expert. Fla. Stat § 681.1097(8). Accordingly, Peebles's argument that Ford cannot offer any evidence to rebut her motion for partial summary judgment is incorrect as a matter of law.

Moreover, Peebles has not established that the RV—as a result of the rubber stops on resting the frame of the vehicle—is nonconforming as defined by the Florida Lemon Law. Peebles also has not established that, as a matter of law, her expert's opinion is sufficiently qualified or credible to make a determination of whether the vehicle is defective and/or improperly designed. Accordingly, I agree with Magistrate Judge Urbanski that material issues of fact are in dispute and deny Peebles' motion for partial summary judgment.

Case 6:07-cv-00001-NKM-mfu Document 116 Filed 03/31/08 Page 12 of 14 Pageid#: 944

### F. The Court Adopts Magistrate Judge's Other Recommendations

Magistrate Judge Urbanski also recommended that Peebles' motion to deem her motion for summary judgment as unopposed be denied, that the defendants' motion to dismiss because of abstention be denied, and Peebles' motion to dismiss Four Winds be granted. The parties have not objected to these recommendations. Therefore, I hereby adopt the remaining recommendations of the Magistrate Judge.

## IV. CONCLUSION

For the foregoing reasons, I hereby ADOPT the Report and DENY Four Winds' motion to dismiss AS MOOT (docket #40); DENY Peebles' motion to reconsider this Court's August 1, 2007 Order AS MOOT (docket #43); DENY Ford's second motion to dismiss AS MOOT (docket #46); DENY Peebles' request to deem her motion for summary judgment as unopposed (docket #62); DENY Fourt Winds' motion to compel as moot (docket #36); and GRANT Peebles' motion to dismiss Four Winds (docket #75).

In addition, I hereby AFFIRM the Magistrate Judge's decision to allow Ford additional time to designate experts and to allow Ford to inspect the vehicle (docket #50).

Further, I hereby DENY Ford's motion to dismiss Counts I and II of Peebles' Second Amended Complaint as duplicative (docket #101).

Last, I hereby DIRECT the parties to report to the court within 10 days of this order a list of all outstanding issues and/or motions that have yet to be resolved; a plan to resolve any outstanding discovery issues; and a proposed date for trial.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to both parties.

ENTERED THIS 31st DAY OF March, 2008.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

Case 6:07-cv-00001-NKM-mfu Document 116 Filed 03/31/08 Page 14 of 14 Pageid#: 946